

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse James
Acting State Treasurer
Austin, Texas

Dear Mr. James:

Opinion No. O-2182
Re: Brazos River Conservation
and Reclamation District
Refunding Bonds as eligible
collateral security under
State Depository Law --
Revised Civil Statutes,
Article 2529.

As Secretary for the State Depository Board,
you request the opinion of this department whether or
not Brazos River Conservation and Reclamation District
Refunding Bonds are eligible, under our State Deposi-
tory Law, as collateral to secure State funds.

Article 2529 of the Revised Civil Statutes,
as amended by H. B. No. 664, of the 46th Legislature,
1939, controls the answer to your inquiry, and so far
as is pertinent, is as follows:

"As soon as practicable after the
Board shall have passed upon said ap-
plications, the Treasurer shall notify
all banks whose applications have been
accepted of their designation as State
Depositories of State funds. The Treas-
urer shall require each bank so desig-
nated to qualify as a State Depository
on or before the 25th day of November
next; by (a) depositing a depository
bond signed by some surety company
authorized to do business in Texas,
in an amount equal to not less than
double the amount of State funds al-
lotted, such bond to be payable to
the Treasurer and to be in such form
as may be prescribed by the Board and

subject to the approval of such Board;
or (b) by pledging with the Treasurer
any securities of the following kinds:
Bonds and certificates and other evi-
dences of indebtedness of the United
States, and all other bonds which are
guaranteed as to both principal and in-
terest by the United States; bonds of
this State; bonds and other obligations
issued by the University of Texas; war-
rants drawn on the State Treasury against
the General Revenue of the State; bonds
issued by the Federal Farm Mortgage Cor-
poration provided both principal and in-
terest of said bonds are guaranteed by
the United States Government; Home Own-
ers Loan Corporation Bonds, provided both
principal and interest of said bonds are
guaranteed by the United States Govern-
ment and such securities shall be accept-
ed by the Board in an amount not less than
five (5) per cent greater than the amount
of State funds which they secure; provided,
that Texas Relief Bonds may be accepted at
face value and without margin for the
amount of State funds allotted, provided,
such State Relief Bonds have all unmatured
coupons attached; bonds of counties located
in Texas; road districts of counties in
Texas; independent and common school dis-
tricts located in Texas; and bonds issued
by municipal corporations in Texas; * * *"

Conservation and reclamation districts are public
corporations authorized and regulated by Chapter 8 of Title
128 of the Revised Civil Statutes. Brazos River Conserva-
tion and Reclamation District was created by act of the 41st
Legislature, second called session, Special Laws, page 22,
Chapter 13. The Act has been several times amended, the
last one being that of 1935, 44th Legislature, first called
session, page 1527, Chapter 368.

Article 2529 of the statutes defines the classes
of eligible securities for public depositories. If the
bonds under consideration are to be considered eligible, it
must be because they belong to the class "issued by munici-
pal corporations," for, clearly, they do not fall within any
other class enumerated by the statute.

The term "municipal corporation" is used in
two different senses in statutes and in decisions, and,
likewise, in common parlance of financial circles.
First, it is frequently used as synonymous with public
corporations as contra-distinguished from private cor-
porations, and in that sense it would include State
bonds, county bonds, city bonds, school-district bonds,
improvement-district bonds, and any other bond issued
by a corporation serving a public purpose. In the
second place, the term "municipality" is used in a nar-
rower and more specific sense as referring to cities,
towns and villages only.

Dillon on Municipal Corporations (5th edition)
says:

"Municipal corporations are insti-
tutions designed for the local govern-
ment of towns and cities; or, more ac-
curately towns and cities with their
inhabitants are for purposes of subordi-
nate local administration invested with
a corporate character." (Vol. 1,Sec.18).

Again, the same authority declares:

"Corporations intended to assist in
the conduct of local civil government
are sometimes styled political, sometimes
public, sometimes civil, and sometimes
municipal, and certain kinds of them with
very restricted powers, quasi corporations,
-- all these by way of distinction from
private corporations. All corporations
intended as agencies in the administra-
tion of civil government are public, as
distinguished from private corporations.
Thus an incorporated school district, or
county, as well as city, is a public cor-
poration; but the school district or
county, properly speaking, is not, while
the city is, a municipal corporation. All
municipal corporations are public bodies,
created for civil or political purposes;
but all civil, political, or public cor-
porations are not, in the proper use of
language, municipal corporations. The
phrase 'municipal corporations,' in the

contemplation of this treatise, has
reference to <u>incorporated villages,
towns, and cities,</u> with power of lo-
cal administration, as distinguished
from other public corporations, such
as counties and <u>quasi</u> corporations."
(§34, p. 62)

To the same general effect are the following
standard writers:  Fletcher on Corporations, vol. 1,
§§ 57 to 66; Thompson on Corporations, vol. 1, §§ 24-26;
McQuillian Municipal Corporations, §§ 133-137.

In Opinion No. 0-152, applying these princi-
ples and construing Article 2529, we held that the refund-
ing bonds of a county water-improvement district were not
eligible as municipal bonds.  That opinion should be fol-
lowed not only upon precedent but upon sound reasoning as
well.

It has been suggested that the wording of the
statutes creating the Brazos River Conservation and Recla-
mation District is such as to constitute the district a
municipality within the meaning of Article 2529, the par-
ticular language referred to being as follows:

"The Brazos River Conservation and
Reclamation district is created as a
governmental agency, a municipality, body
politic and corporate, vested with all
the authority as such under the Consti-
tution and laws of this State." (§ 2 of
the original Act).

We cannot adopt this suggestion.  The word
"municipality" in Section 2 is used in the general all-
comprehensive sense of public corporations, as contra-
distinguished from private corporations.  In this sense
the word is apt and it is in this sense the Legislature
used it; obviously, the Legislature did not use the word
"municipality" in its more specific sense -- that of city,
town or village -- for the conservation and reclamation
district was not at the time and cannot be, and was never
intended by the Act to be, a city, town or village.

Moreover, the fact that Article 2529, according
to the latest amendment thereof (1939) in enumerating the

Honorable Jesse James - page 5

classes of securities made eligible named "road districts," "independent and common school districts", and "municipal corporations," thus indicated indisputably that "municipal corporations" as a class was used in the specific sense of cities, towns and villages, rather than in its most general sense -- that of public corporations -- for road districts and common school districts and independent school districts are public corporations, and in the broadest sense municipal corporations, so that their enumeration would have been useless if "municipalities" included them.

If the Legislature had intended that conservation and reclamation district bonds should be eligible, under Article 2529, it could easily have included them in its amendment of 1939.

We therefore hold that the refunding bonds of Brazos River Conservation and Reclamation districts are not eligible as securities for public depositories, under Article 2529 of the Revised Civil Statutes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED APR 25, 1940

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE


APPROVED
OPINION COMMITTEE
BY
CHAIRMAN